UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. HARRISON,<br><br>   Plaintiff,<br><br>   v.<br><br>JOHNWILLY OSUJI, et al.<br><br>   Defendants. | No.  1:23-cv-01413-ADA-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 1) |

Plaintiff is proceeding pro se and in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint, filed September 27, 2023.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff names attorney Johnwilly Osuji as the sole Defendant in this action.

On or about February 2, 2023, Plaintiff was represented by attorney Johnwilly Osuji at a parole hearing after being erroneously convicted and sentenced to state prison for 15 years to life for killing his wife.  Plaintiff explained to the attorney before the parole hearing that the Board continues to deny parole for several false reasons.  A false conviction due to a false probation report erroneously claiming that Plaintiff killed his wife in 1979.  Attorney Osuji said he understood what Plaintiff was saying.  Plaintiff even showed him a certificate of no marriage issued to Plaintiff by the County Clerk Recorder proving he was not married in 1979.  Attorney Osuji asked Plaintiff if he knew why he was denied parole at his last hearing to which Plaintiff responded he did exactly know why.  Attorney Osuji stated that Plaintiff was denied parole due to

a lack of adequate parole plans.  During the meeting, Osuji gave Plaintiff a list of parole re-entry housing to contact to obtain adequate parole plans.  Plaintiff wrote all the  as well as many others.  Plaintiff was accepted in the best of the best programs.  Plaintiff also had all of the Board requirements, namely, years of clean time, self-help groups, trades, professions, and participation in enhanced outpatient program.  All attorney Osuji had to do was request a release date as Plaintiff meet the requirements for parole.  However, attorney Osuji did not protect Plaintiff's constitutional rights at the parole hearing.  Osuji took it upon himself to tell a lie on Plaintiff and used false evidence in violation of California Penal Code 1473.  Plaintiff told Osuji prior to the hearing that he did not kill his wife, but he brought it up at the hearing anyway causing prejudice to Plaintiff.  The commissioners heard the lies from Osuji and acted upon it by denying parole for another 3 years.  It was falsely claimed that Plaintiff needed to internalize.

Plaintiff claims attorney Osuji committed perjury and ineffective assistance of counsel at his parole hearing.  Plaintiff seeks to have attorney Osuji fined, disbarred, 10 million dollars in compensatory damages, and 10 million dollars in punitive damages.

### III.

### DISCUSSION

**A.     Ineffective Assistance Counsel at Parole Hearing**

There are two methods for state prisoners to raise complaints in federal court related to their imprisonment. See Muhammad v. Close, 540 U.S. 749, 750 (2004) ("Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus and a complaint under [§ 1983]"). In general, claims of constitutional violations related to the "circumstances of confinement" must be brought in a civil rights action under § 1983, while constitutional challenges to the validity or duration of a prisoner's confinement must be raised in a petition for federal habeas corpus under 28 U.S.C. § 2254, or through appropriate state relief. Wilkinson v. Dotson, 544 U.S. 74, 78–79 (2005) ("This Court has held that a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' ") (quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)); see also Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) ("The Court has long held that habeas is the exclusive vehicle

for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action.") (citing Wilkinson, 544 U.S. at 81–82) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings[ ] - if success in that action would necessarily demonstrate the invalidity of confinement or its duration.")). "Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.' " Ramirez v. Galaza, 334 F.3d 850, 856 (9th Cir. 2003) (quoting Preiser, 411 U.S. at 498–99). The Supreme Court has stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486–87 (1994).

Because Plaintiff seeks damages based on alleged violations of his constitutional rights to effective assistance of counsel during his parole hearing, he may not proceed pursuant to § 1983 unless he can show his conviction has already been invalidated. Id.; Ramirez, 334 F.3d at 855–56 ("Absent such a showing, '(e)ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983.' ") (quoting Heck, 512 U.S. at 489). This is because success on Plaintiff's claims would necessarily imply the invalidity of his conviction or sentence and consequently affect the duration of his confinement. See Heck, 512 U.S. at 486–87; see also Pattillo v. Lombardo, No. 2:17cv1849-JAD-VCF, 2017 WL 3622778, at *4 (D. Nev. Aug. 23, 2017) ("When a prisoner challenges the legality or duration of his custody, raises a constitutional challenge which could entitle him to an earlier release (such as ineffective assistance of counsel), or seeks damages for purported deficiencies in his state court criminal case, which effected a

conviction or lengthier sentence, his sole federal remedy is the writ of habeas corpus.") (citing Heck, 512 U.S at 481–82); Toney v. Ruiz, No. 3:10cv0405 BTM (PCL), 2010 WL 2383787, at *2 (S.D. Cal. June 9, 2010) (noting that "ineffective assistance of counsel claims against [attorneys who represented plaintiff during his criminal trial and subsequent appeal] 'necessarily imply the invalidity' of [plaintiff's] criminal proceedings and continuing incarceration.") (citing Heck, 512 U.S. at 487).

Because it is clear the conviction and denial of parole which forms the basis of this § 1983 suit has not been invalidated by way of direct appeal, executive order, or through the issuance of either a state or federal court writ of habeas corpus, Heck, 512 U.S. at 487, Plaintiff's complaint must be dismissed sua sponte for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

In any event, even if this claim was raised in a petition for writ of habeas corpus, it would not be cognizable as Plaintiff does not have a constitutional right to counsel at a parole hearing. A viable ineffective assistance of counsel claim exists for Section 2254(d) purposes only if the Supreme Court has clearly established that the Sixth Amendment gives rise to a constitutional right to the assistance of counsel in connection with the proceeding at issue. See, e.g., Coleman v. Thompson, 501 U.S. 722, 752 (1991) (finding no constitutional right to counsel in postconviction proceedings and opining that "where there is no constitutional right to counsel there can be no deprivation of effective assistance") (citation omitted). The Supreme Court has never held that state prisoners have a federal constitutional right to counsel at parole hearings. See, e.g., Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); Gagnon v. Scarpelli, 411 U.S. 778, 790 (1973) (rejecting "inflexible" constitutional requirement that counsel be appointed in all probation or parole revocation hearings); Dorado v. Kerr, 454 F.2d 892, 897 (9th Cir. 1972) ("[D]ue process does not entitle California state prisoners to counsel at [Department of Corrections hearings] called to determine, administratively, the length of imprisonment, and to grant or deny parole."). Because there is no federal constitutional right to counsel at parole hearings, there can be no claim that counsel's ineffective assistance at a parole hearing violated petitioner's federal

constitutional rights. See Coleman v. Thompson, 501 U.S. 722, 752-54 (1991) (holding petitioner cannot claim constitutionally ineffective assistance of counsel where there is no underlying constitutional right to counsel); see also Miller v. Keeney, 882 F.2d 1428, 1432 (9th Cir. 1989) ("If a state is not constitutionally required to provide a lawyer, the constitution cannot place any constraints on that lawyer's performance.").

### B. Violation of California Penal Code

In 2016, California enacted Senate Bill 1134, which amended California Penal Code section 1473 to give inmates additional grounds to seek state court habeas relief based on newly discovered evidence. See Cal. Penal Code § 1473(b)(3) (as amended by Cal. Stats. 2016, ch. 785, § 1 (eff. Jan. 1, 2017)). This amendment became effective on January 1, 2017. The amended statute provides that a prisoner may seek a writ of habeas corpus on the ground that "[n]ew evidence exists that is credible, material, presented without substantial delay, and of such decisive force and value that it would have more likely than not changed the outcome at trial." Cal. Penal Code § 1473(b)(3)(A). "New evidence" is defined as "evidence that has been discovered after trial, that could not have been discovered prior to trial by the exercise of due diligence, and is admissible and not merely cumulative, corroborative, collateral, or impeaching." Cal. Penal Code § 1473(b)(3)(B).

As an initial matter, any challenge to California Penal Code 1473 cannot be brought by way of section 1983 complaint.  Plaintiff cannot bring any claims solely based on a defendants' violation of prison rules and policies, he may not do so, as alleged violations of prison rules and policies do not give rise to a cause of action under § 1983. Section 1983 provides a cause of action for the deprivation of federally protected rights.  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." Sweaney v. Ada Cty., Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (quoting Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996)); Davis v. Kissinger, No. CIV S–04–0878-GEB-DAD-P, 2009 WL 256574, *12 n.4 (E.D. Cal. Feb. 3, 2009). Nor is there any liability under § 1983 for violating prison policy. Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting Gardner v. Howard, 109 F.3d

427, 430 (8th Cir. 1997)). Thus, the violation of any prison regulation, rule or policy does not amount to a cognizable claim under federal law, nor does it amount to any independent cause of action under section 1983.

Further, to the extent Plaintiff claims that he is entitled to resentencing under Senate Bill 1473 presents a state law issue not cognizable on federal habeas review. See Estelle v. McGuire, 502 U.S. at 67-68; Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989); see also Rushing v. Neuschmid, 2020 WL 2404666, at *27-28 (N.D. Cal. May 12, 2020) (state court's alleged misapplication of California Penal Code section 1473(b)(3) not cognizable on federal habeas corpus).

California Penal Code section 1473 provides in pertinent part: "A writ of habeas corpus may be prosecuted for, but not limited to ... False evidence that is substantially material or probative on the issue of guilt or punishment was introduced against a person at a hearing or trial relating to the person's incarceration." Cal. Penal Code § 1473(b)(1). To the extent that Petitioner asserts that he is entitled to relief pursuant to California Penal Code section 1473, such a claim is an issue of state law and not cognizable in federal habeas corpus. See Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (per curiam) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law."); Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (per curiam) ("[I]t is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (citations omitted) ("We accept a state court's interpretation of state law, and alleged errors in the application of state law are not cognizable in federal habeas corpus."); Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989) ("[A] petition alleging errors in the state post-conviction review process is not addressable through [federal] habeas corpus proceedings."). Accordingly, Plaintiff fails to state a cognizable claim under either 42 U.S.C. § 1983 or 28 U.S.C. § 2254, and the instant action should be dismissed, without leave to amend.

**C.     Leave to Amend Would be Futile**

When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the

7

allegation of other facts." Bly–Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks omitted); Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir. 1996). If, however, it is clear after careful consideration that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995); see also Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Here, it is clear from the face of the complaint that Plaintiff's claims are not cognizable via section 1983, and leave to amend would be futile.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant action be dismissed for failure to state a cognizable claim for relief; and

2. The Clerk of Court be directed to terminate this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 21, 2023**

UNITED STATES MAGISTRATE JUDGE